___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                                  Date:  October 17, 2014
Title:     Goodwin v. Citywide Home Loans, Inc.
___

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |        N/A        |
|------------------|-------------------|
|  Deputy Clerk    |  Court Reporter   |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                               Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TRANSFER FLSA CLAIM TO DISTRICT OF UTAH AND SEVER AND DISMISS PLAINTIFF'S INDIVIDUAL STATE-LAW CLAIMS (Doc. 13.), AND RESETTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND DISTRIBUTION OF JUDICIAL NOTICE FOR HEARING ON NOVEMBER 7, 2014, AT 2:30 P.M. (Doc. 14)**

   Before the Court is Defendant Citywide Home Loans, Inc.'s Motion to transfer Plaintiff's federal-law claim to the District of Utah pursuant to 28 U.S.C. § 1404 and sever and dismiss the remaining state-law claims under Federal Rules of Civil Procedure 21 and 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 13.)  Plaintiff opposed, and Defendant replied.  (Opp., Doc. 20; Reply, Doc. 23.)  Having considered the parties' briefing, heard oral argument and taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART the Motion.
   The Court also RESETS Plaintiff's Motion for Conditional Certification and Distribution of Judicial Notice for hearing on **November 7, 2014, at 2:30 p.m.**  (Doc. 14; *see* Doc. 25.)

I.     BACKGROUND

   On June 5, 2014, Plaintiff Sherry Goodwin filed the present collective action

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                                    Date: October 17, 2014
Title:     Goodwin v. Citywide Home Loans, Inc.

Complaint against Citywide alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Compl., Doc. 1, ¶¶ 23-31.) Goodwin also asserts individual claims against Citywide for: (2) failure to pay overtime compensation in violation of Cal. Lab. Code §§ 594, 1194 and 1198; (3) waiting time penalties under Cal. Lab. Code §§ 201-203; (4) failure to provide itemized wage statements under Cal. Lab. Code § 226; (5) failure to provide meal and rest periods under Cal. Lab. Code § 226.7; and (6) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Id. ¶¶ 32-61.)

Goodwin worked for Citywide as a mortgage underwriter. (Id. ¶ 8.) Citywide classified Goodwin as an exempt employee who was therefore ineligible to receive overtime pay. (Id. ¶ 10.) The Complaint alleges that Goodwin was, in fact, a nonexempt employee and was therefore eligible to receive overtime pay. (Id. ¶ 11.) Goodwin seeks back pay and other damages for herself and other Citywide mortgage underwriters whom Citywide allegedly misclassified as exempt employees. (Id. ¶¶ 20-22.)

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that the transferee district is one where the action might have been brought; and (2) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992). Courts evaluate the following factors in making this determination: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                    Date: October 17, 2014
Title:   Goodwin v. Citywide Home Loans, Inc.
_____

choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *GNC Franchising*, 211 F.3d at 498-99. The moving party bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

## III. DISCUSSION

### A. Motion to Transfer

Citywide argues that the District of Utah is the superior forum for this case because: a plurality of the exempt underwriters reside there; Citywide's headquarters and leadership team are located there, as are all of Goodwin's former supervisors; and the documentary evidence relevant to this lawsuit is stored there. (Mot. 5:11-17.) It notes that Goodwin worked for Citywide in Utah from August 8, 2011 until February 28, 2014, and worked in California only from March 1, 2014 until April 24, 2014, when she resigned. (Decl. of Rebecca Clapham, Doc. 13-2, ¶¶ 3, 4, 6-11.)

Neither party debates that this case could have been brought in the District of Utah, where Citywide is located. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which [the] defendant resides."). The Court therefore determines whether transfer to the District of Utah would serve the convenience of the parties and witnesses and promote the interests of justice. As noted, the Court considers a number of factors in making this determination.

    1. <u>The location where the relevant agreements were negotiated and executed</u>

Neither party discusses a specific agreement between the parties that was negotiated and executed. Accordingly, this factor is irrelevant.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                                    Date: October 17, 2014
Title:   Goodwin v. Citywide Home Loans, Inc.
_____

2.     The state that is most familiar with the governing law

Goodwin's first claim is that Citywide violated the FLSA. The FLSA is a federal statute, and both the Central District of California and the District of Utah are equally equipped to adjudicate FLSA claims. Thus, this factor is neutral.[1]

3.     Plaintiff's choice of forum

A plaintiff's choice of forum is generally afforded considerable weight. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *superseded by statute on other grounds by* 28 U.S.C. § 1391. When an individual represents a class, however, the named plaintiff's choice of forum may be given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Consideration must be given to the extent of the parties' contacts with the forum. *Id*. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, the plaintiff's choice is entitled to only minimal consideration. *Id*.

Citywide argues that this factor should be afforded little to no weight because this is a putative collective action and because Goodwin spent relatively little time working for Citywide in California relative to her work for the company in Utah. (Mot. 3:4-12, 7:20-8:5.) Nevertheless, the Court finds Goodwin's choice of forum carries weight in light of the fact that she worked for Citywide in this District. (Compl. ¶ 4.) Thus, *Lou* is distinguishable because the operative facts occurred – at least in part – in this forum, and the forum therefore has an interest in both the parties and the subject matter. (Opp. 7:14-19.) The doctrine of reduced deference to a class plaintiff's forum choice serves "as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district." *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) (citations omitted). In this case however, Goodwin worked for Citywide in this district and continues to reside here. Accordingly, this danger is

_____

[1] Because, as discussed below, the Court agrees with Citywide that severance and dismissal of Goodwin's state-law claims is appropriate, the Court does not consider those claims here.

absent.

Thus, this factor weighs against transfer.

> 4.    The respective parties' contacts with the forum

As noted previously, Goodwin is a resident of this District and worked for Citywide here; thus, at least some of the operative facts in this case arose in this forum. Moreover, Goodwin provides evidence – which Citywide does not dispute – that Citywide has at least three permanent offices in the Central District of California, thus giving it continuing and systematic contacts with the forum. (Decl. of Matthew Helland, Ex. A, Doc. 20-2.)

Accordingly, this factor weighs against transfer.

> 5.    The contacts relating to the plaintiff's cause of action
>        in the chosen forum

Goodwin has extensive contacts with the chosen forum because she is a resident thereof. While Citywide alleges that the relationship between Goodwin's claims and this District is tenuous (Reply, 5:18-21), it does not contest that Goodwin is a current resident of this District and is suing Citywide for work done for it, at least in part, while working in this District.

Because the operative facts of Goodwin's cause of action are related to her chosen forum, this factor weighs against transfer.

> 6.    The differences in the costs of litigation in the two forums

Citywide argues transfer is proper because it will be "much more efficient and less disruptive for the individuals who will be the primary witnesses in this lawsuit if it were litigated in Utah." (Mot. 7:1-3.) Goodwin argues that there is no reason Citywide's witnesses cannot travel to California and offers to depose any corporate witnesses in the witnesses' home location. (Opp. 7:6-17.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-866-JLS (JCGx)                                      Date: October 17, 2014
Title:    Goodwin v. Citywide Home Loans, Inc.
_____

Citywide's position is persuasive. Some witness travel will be required no matter where this case is litigated. Nevertheless, trying the case in this District would appear to lead to increased costs for travel, given that Goodwin appears to be the only identified witness who lives in California, while numerous Citywide and third-party witnesses are located in Utah or elsewhere. (Decl. of Rebecca Clapham, Doc. 13-2, ¶¶ 3, 4, 6-11.)

Accordingly, this factor weighs in favor of transfer.

> 7. <u>The availability of compulsory process to compel attendance of unwilling non-party witnesses</u>

Neither party addresses or appears to regard this factor as consequential. Moreover, it is not apparent to the Court that any non-party witnesses' testimony will be required.

Accordingly, this factor is irrelevant.

> 8. <u>The ease of access to sources of proof</u>

Citywide argues that this factor weighs in favor of transfer because it "maintains and stores documents relevant to its exempt underwriters, including documents pertaining to their job responsibilities, personnel files and payroll records, in Utah, not in California." (Mot. 7:4-7.) However, this factor's importance has significantly lessened in light of recent technological advances. *See, e.g., Szegedy v. Keystone Food Products, Inc.*, CV 08-5369 CAS (FFMX), 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009) ("[E]ase of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations."); *Bianco v. Texas Instruments, Inc.*, 627 F.Supp. 154, 165 (N.D. Ill. 1985) ("As for defendants' argument concerning the location of relevant documents, we do not believe that this is a compelling factor, given the ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country.").

Accordingly, this factor is neutral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                           Date:  October 17, 2014
Title:    Goodwin v. Citywide Home Loans, Inc.

Conclusion

Three of the above factors weigh against transfer compared to one in favor of transfer.  Therefore, the totality of the circumstances weighs against transfer.  *See Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.").  Accordingly, the Court concludes transfer to the district of Utah would neither serve the convenience of parties and witnesses nor further the interests of justice.

Citywide's Motion to Transfer is therefore DENIED.

**B.      Motion to Sever and Dismiss**

Citywide next asks the Court to sever Goodwin's FLSA claim from her state-law claims pursuant to Federal Rule of Civil Procedure 21 and then dismiss the state-law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party."  Fed. R. Civ. P. 21.  Severance under Rule 21 is appropriate where a jury would likely be confused by the application of different bodies of law to similar claims.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *see also Delce v. Amtrak & Resco Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998) ("Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences.").  Questions of severance are addressed to the Court's sound discretion.  *See Davis v. Mason Cnty.*, 927 F.2d 1473, 1479 (9th Cir. 1991), *superseded by statute on other grounds as recognized by Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed. 2001).

The Court agrees with Citywide that trying the FLSA collective action alongside Goodwin's individual state-law claims would entail a high risk of juror confusion, given the differing legal standards for exemption the jurors would be asked to apply to the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                               Date: October 17, 2014
Title:    Goodwin v. Citywide Home Loans, Inc.

set of facts. (Mot. 8:18-9:12.) Accordingly, the Court finds that severance is warranted under Federal Rule of Civil Procedure 21.

The Court further agrees that dismissal of the severed state-law claims is appropriate. A severance order creates two separate actions. *See, e.g.*, *Lam v. City & Cnty. of San Francisco*, C 08-4702 PJH, 2010 WL 235081, *6 (N.D. Cal. Jan. 21, 2010). Here, it does not appear that Goodwin's state-law claims independently satisfy the amount in controversy requirement necessary for this Court to exercise diversity jurisdiction over them. Accordingly, the Court dismisses these claims under Federal Rule of Civil Procedure 12(b)(1) without prejudice to their refiling in an appropriate forum.

Accordingly, Citywide's Motion to sever and dismiss Goodwin's individual state-law claims is GRANTED.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Citywide's Motion to transfer this case to the District of Utah. The Court GRANTS Citywide's Motion to sever and dismiss Goodwin's individual state-law claims.

Goodwin's Motion for Conditional Certification and Distribution of Judicial Notice is reset for hearing on **November 7, 2014, at 2:30 p.m.** (Doc. 14; *see* Doc. 25.)

Initials of Preparer:  tg