UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                  Date: November 2, 2015
Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                               N/A
  Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                                      Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER GRANTING UNOPPOSED MOTION FOR SETTLEMENT APPROVAL (Doc. 61)**

      Before the Court is an unopposed Motion for Settlement Approval filed by Named Plaintiff Sherry Goodwin. (Mot., Doc. 61.) Having read and considered the papers under submission, the Court GRANTS the Motion.

## I.     BACKGROUND

      On June 15, 2014, Named Plaintiff Sherry Goodwin filed the instant collective action under the Fair Labor Standards Act. (Compl., Doc. 1.) Goodwin worked for Defendant Citywide Home Loans, Inc. as a mortgage underwriter. (*Id*. ¶ 8.) Goodwin alleges that Citywide misclassified her and other mortgage underwriters as exempt employees under the FLSA, thereby violating the FLSA and related state laws by failing to provide overtime pay. (*Id*. ¶¶ 1, 3.)
      In her complaint, Goodwin asserted claims for (1) failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*., (2) failure to pay overtime compensation in violation of Cal. Lab. Code §§ 510, 1194, 1198, (3) waiting time penalties under Cal. Lab. Code §§ 201-203, (4) failure to provide itemized wage statements under Cal. Lab. Code § 226, (5) failure to provide and/or authorize meal and rest periods under Cal. Lab. Code § 226.7, and (6) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (*Id*. ¶¶ 23-61.) On July 14, 2014, Citywide moved to dismiss Goodwin's state law claims and transfer the FLSA claims to Utah. (MTD at 4-9, Doc. 13-1.) That same day, Goodwin filed a motion for

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-866-JLS (JCGx) | Date: November 2, 2015 |
| Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc. | |
___

conditional certification and distribution of notice to potential plaintiffs. (MFCC, Docs. 14-15.)

The parties participated in mediation on August 12, 2014, which was ultimately unsuccessful. (Helland Decl. ¶ 2, Doc. 62.) On October 17, 2014, the Court denied Citywide's motion to transfer the FLSA claims, but it dismissed Goodwin's state law claims without prejudice. (MTD Order at 7-8, Doc. 29.) On November 6, 2014, the Court granted conditional certification of the following collective action class:

> All mortgage underwriters who are, or were, employed by Citywide Home Loans at any time from three years prior to the date of the Order on this motion and continuing to the present.

(MFCC Order at 8, Doc. 34.) The court also approved a ninety-day notice period to distribute notice to all potential plaintiffs in the class. (*Id.* at 8-9.) On November 14, 2014, Citywide filed an Answer denying liability and asserting numerous affirmative defenses. (Answer, Doc. 38.)

During the ninety-day notice period, twelve of the approximately 60 notice recipients filed Notices of Consent to joint this action. Following the close of the notice period and after substitution of new counsel for Citywide, the parties resumed negotiations. (Helland Decl. ¶ 5.) Plaintiffs calculated their maximum potential damages to be approximately $630,000. (*Id.* ¶ 5.) In contrast, Citywide believes that its maximum potential exposure is no more than $70,000. (Benard Decl. ¶ 2, Doc. 63)

Through these negotiations, the parties reached a settlement agreement. (Helland Decl. ¶ 6.) On May 22, 2015, the parties executed a terms sheet wherein Citywide agreed to pay a total of $230,000 to resolve the claims of the twelve individual opt-in Plaintiffs. (*Id.*) This settlement amount provides for attorneys' fees of 1/3 the settlement fund, reimburses Plaintiffs' litigation costs of $10,746.02, and allocates the remaining $142,587.31 among the twelve Plaintiffs. (Helland Decl. ¶ 8, Exs. 1, 3.) The net allocations range from $1,928.40 for an individual with five covered weeks of overtime wages, up to $42,594.35 for an individual with 151 covered weeks. (*Id.* ¶ 9.) The average net allocation, after fees and costs, is $11,882.28. (*Id.*) As part of the settlement, Plaintiffs agree to release all FLSA and state law equivalent claims arising out of their

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                                    Date: November 2, 2015
Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc.
_____

hours worked as an underwriter, whether known or unknown, up to the date Citywide reclassified the underwriter position. (Helland Decl. Ex. 1 ¶ 7, Ex. 2 ¶ 3.) Goodwin also releases the California state law claims pleaded in the Complaint. (*Id*. Ex. 1 ¶ 7.) Each Plaintiff received a settlement notice that disclosed each individual's post-fee allocation and the fees and costs that Plaintiffs' Counsel will seek. (Helland Decl. ¶ 7.) Each Plaintiff returned a signed Settlement and Release of Claims form, and Plaintiffs' Counsel did not receive any objections or opt-outs to the settlement. (Id. ¶ 7, Ex. 2.)

Goodwin now moves for approval of the settlement agreement. (Mot.) In her unopposed Motion for Settlement Approval, Goodwin failed to address (1) the factors used for individual allocations of the settlement fund and (2) the potential range of recovery expected for each Plaintiff. The Court therefore ordered supplemental briefing on these issues, and Goodwin timely filed a supplemental brief on September 23, 2015. (Order, Doc. 64; Supp, Doc. 65.)

## II.     **LEGAL STANDARD**

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Therefore, an employee's right to fair payment cannot be "abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Accordingly, FLSA settlements require the supervision of the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

In reviewing an FLSA settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009). The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2014 WL 1477630, at *3 (N.D. Cal. Apr. 15, 2014) (collecting cases). Most courts in this circuit, however,

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-866-JLS (JCGx) | Date: November 2, 2015 |
| Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc. | |
___

evaluate an FLSA settlement under the standard established by the Eleventh Circuit, which requires the settlement to constitute "a fair and reasonable res[o]lution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355. *See, e.g.*, *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012); *Yue Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007); *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666W (WMC), 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009); *Thornton v. Solutionone Cleaning Concepts, Inc.*, Case No. 06-cv-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007); *Goudie*, 2009 WL 88336 at * 1; *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *McKeen-Chaplin*, 2012 WL 6629608 at *2 (quoting *Lynn's*, 679 F.2d at 1354).

The FLSA also requires that a settlement agreement include an award of reasonable attorneys' fees. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)); *see also Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (noting that under FLSA an award of reasonable fees is mandatory); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) (same).

### III.  DISCUSSION

#### A.  Bona Fide Dispute

This case involves disputed issues of FLSA coverage and potential liability, which constitute a bona fide dispute. *See McKeen-Chaplin*, 2012 WL 6629608 at *2. As the parties note, there is a split in authority as to whether mortgage underwriters like those in this case are exempt or non-exempt employees under the FLSA. (Mem. at 6-7.) *Compare Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 536-37 (2d Cir. 2009), *and Bollinger v. Residential Capital LLC*, 863 F. Supp. 2d 1041, 1048-49 (W.D. Wash.

2012), *with Lutz v. Huntington Bancshares, Inc.*, No. 2:12-CV-01091, 2014 WL 2890170, at *14-17 (S.D. Ohio June 25, 2014). Moreover, even if Citywide's liability were established, the parties would dispute damages and whether collective treatment is appropriate. (Mem. at 6-8.) Given that several Plaintiffs worked remotely and Citywide did not maintain employee time records, Plaintiffs would face obstacles when establishing damages. (*Id*.) If litigation continued, Citywide would likely move to decertify the class by arguing that liability and damages are too individualized to be susceptible to common proof. (*Id*.) The parties also dispute whether Plaintiffs are entitled to an award of liquidated damages. (*Id*. at 7.) Thus, the parties genuinely dispute both Citywide's liability and, if it were to be found liable, the amount owed to each Plaintiff.

The Court therefore concludes that this case presents a bona fide dispute.

### B.     **Fair and Reasonable**

The Court next considers whether the instant settlement is fair and reasonable. The Court first examines the amount allocated to each Plaintiff should the Court approve the settlement agreement. As noted above, the agreement provides a gross settlement fund of $230,000 to be distributed among the twelve Plaintiffs. (Helland Decl. ¶ 8, Ex. 1.) The Court ordered supplemental briefing regarding the factors used for each Plaintiff's settlement allocation and the potential range of recovery expected for each Plaintiff. (Order, Doc. 64.) In response, Goodwin filed a supplemental brief detailing four different models used to calculate maximum damages and individual allocations for each Plaintiff. (*See* Supp. at 1-4.)

Based on the calculations provided by Goodwin, the instant settlement provides gross allocations that constitute 24% to 51% of each Plaintiff's maximum potential recovery.[1]  (*See* Supp. at 2-4.)  The settlement "affords the putative class members a

___
[1] To calculate the above percentages, the Court considered the second and fourth calculation models identified in the Supplemental Brief. (*See* Supp. at 2-4.) These two models calculated the maximum potential damages for each Plaintiff by incorporating (1) the full value of their claims for the third year, (2) full liquidated damages, and (3) full waiting time penalties.

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-866-JLS (JCGx) | Date: November 2, 2015 |
| Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc. | |
___

tangible monetary benefit," and it is generally within the range that courts have found reasonable. *See, e.g.*, *Jones v. Agilysys, Inc.*, No. C 12-03516 SBA, 2014 WL 2090034, at *2 (N.D. Cal. May 19, 2014) (approving an FLSA settlement that constituted "between 30% to 60% of recoverable damages."). Moreover, this range appears favorable given the wide disparity between Plaintiffs' estimated maximum damages of $630,000 and Citywide's estimated maximum exposure of $70,000. (*See* Helland Decl. ¶ 5, Benard Decl. ¶ 2.) Finally, the Court notes that each Plaintiff consented to the settlement terms, including their individual net allocations, and no Plaintiff objected to the settlement. (*See* Helland Decl. Ex. 2.) This consideration further weighs in favor of final approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members").

Next, the Court examines the proposed release. The proposed settlement agreement provides that Plaintiffs release all FLSA and state law equivalent claims arising out of their hours worked as an underwriter, whether known or unknown, up to the date Citywide reclassified the underwriter position. (Helland Decl. Ex. 1 ¶ 7, Ex. 2 ¶ 3.) Releases are reasonable where, as here, the "released claims appropriately track the breadth of Plaintiffs' allegations . . . and the settlement does not release unrelated claims that class members may have against [D]efendants." *See Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1126 (E.D. Cal. 2009).

Last, the Court considers the issue of attorneys' fees and costs. The FLSA requires the Court to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The instant settlement agreement authorizes a fee award of one-third the total settlement amount, which totals $76,666.67. The Court finds this fee award reasonable for at least two reasons. First, the Settlement Offer and Release form mailed to each Plaintiff expressly stated that attorneys' fees would be sought in this amount, and all Plaintiffs signed and returned their forms. (*See* Helland Decl. Ex. 2.) This collective assent weighs in favor of approving the instant fee request.

___

(*Id*.) The fourth model differs from the second in that it applies a uniform number of overtime hours for all Plaintiffs. (*Id*. at 2.)

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-866-JLS (JCGx)                             Date: November 2, 2015
Title: Sherry Goodwin et al. v. Citywide Home Loans, Inc.
_____

*See Ambrosino v. Home Depot U.S.A, Inc.*, No. 11CV1319 L MDD, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014) (finding 33.3% attorneys' fees reasonable in an FLSA settlement in part where "each plaintiff has approved this amount."). The reasonableness of the fee is further confirmed by comparing the proposed percentage-based fee with Plaintiffs' Counsel's lodestar amount. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("[T]he lodestar may provide a useful perspective on the reasonableness of a given percentage award."). Plaintiffs' Counsel indicates it has incurred attorneys' fees of $128,778.75. (Helland Decl. ¶ 12.) The requested fee award amounts to approximately 60% of these incurred fees, and a negative multiplier in this context suggests that the requested fee award is reasonable. Finally, the Court finds that Plaintiffs' Counsel's request for $10,746.02 in costs is appropriately documented and reasonable under the circumstances. (*See* Helland Decl. Ex. 3.)

In sum, the Court finds the instant FLSA settlement to be "a fair and reasonable resolution of a bona fide dispute" that warrants approval. *Lynn's Food Stores*, 679 F.2d at 1355.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the unopposed Motion for Settlement Approval.

The parties shall file a proposed judgment forthwith.

Initials of Preparer: tg